IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TONY & DANNY CORPORATION, | ) | CIVIL NO. 07-00413 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NORTH AMERICAN CAPACITY INSURANCE COMPANY AND DOE DEFENDANTS 1-10, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO REMAND TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

Before the Court is Plaintiff Tony & Danny Corporation's ("Tony & Danny") Motion to Remand to State Court for Lack of Subject Matter Jurisdiction ("Motion"), filed May 5, 2008.  Defendant North American Capacity Insurance Company ("Defendant") filed its memorandum in opposition on May 22, 2008, and Tony & Danny filed its reply on May 29, 2008.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court of the District of Hawaii ("Local Rules").  Upon careful consideration of the Motion, supporting and opposing memoranda, and relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that Tony & Danny's Motion be DENIED for the reasons set forth below.

## BACKGROUND

The instant case arises from an insurance coverage dispute.  Defendant was Tony & Danny's insurer under Commercial General Liability Policy Number 88-G0000646-00, effective September 5, 2003 to September 5, 2004 ("the Policy").  [Exh. 1 to Verified Complaint.]  On July 4, 2004, Paulette Alexander slipped and fell on a firecracker that had been fired on premises that Tony & Danny leased.  On May 5, 2005 Paulette Alexander and her husband, Rick Alexander, filed suit in the Circuit Court of the First Circuit, State of Hawaii ("state court"), alleging, *inter alia*, that Tony & Danny was liable for the bodily injuries she sustained ("Underlying Action").  Tony & Danny notified Defendant of the Underlying Action and requested legal defense.  Defendant allegedly denied coverage for both the defense and settlement of the Underlying Action without justification. [Verified Complaint at ¶¶ 8-14.]

On June 5, 2007, Tony & Danny filed the instant action against Defendant in the state court.  Defendant was served on July 2, 2007.  Defendant filed its answer on July 27, 2007 in the state court and filed a notice of removal ("Notice") on July 30, 2007 in the United States District Court for the District of Hawaii ("the District Court").  Defendant removed the action based on diversity jurisdiction.  Defendant did not file a notice of the removal in the state court at that time.  The state court

therefore did not formally recognize the removal of the case to federal court.  On March 3, 2008, the state court issued an Order of Dismissal because Tony & Danny had not filed a pretrial statement.  [Motion, Decl. of Brian A. Duus ("Duus Decl."), Exh. 1.]  In a March 19, 2008 minute order addressing Tony & Danny's Motion Regarding Order of Dismissal,[1] the state court specifically ruled that it retained jurisdiction over the case, stating:

> THE COURT NOTES THAT THERE ARE NO PLEADINGS FILED IN THIS ACTION RELATING TO ANY REMOVAL ACTION OF THIS MATTER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII, THEREBY, AS THE RECORD STANDS, THIS MATTER REMAINS WITHIN THE JURISDICTION OF THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT, STATE OF HAWAII.

[Exh. 2 to Duus Decl. at 1 (emphasis in original).]  The state court ruled that it would immediately set aside the Order of Dismissal if and when Tony & Danny filed a pretrial statement on or before May 1, 2008.  [Id.]  Tony & Danny filed the pretrial statement on March 24, 2008.  [Exh. 3 to Duus Decl.]

In the instant Motion, Tony & Danny argues that, because Defendant never filed a notice of the removal in the state court, the removal was not effective and the state court has retained jurisdiction over the case.  Tony & Danny argues that, under 28 U.S.C. § 1446(d), after filing a notice of removal

---

[1] The state court apparently filed the minute order on April 1, 2008.

3

in federal court, the removing party must promptly file a notice of the removal with the clerk of the state court.  Tony & Danny asserts that the removal is not effective until the removing party does so.  Tony & Danny argues that this case must be remanded because the state court has retained jurisdiction and the District Court never assumed jurisdiction.  Tony & Danny emphasizes that courts strictly construe removal statutes and that comity concerns also support remand.

       In its memorandum in opposition, Defendant states that defense counsel filed a Certificate of Service regarding the Notice with the state court on May 6, 2008.  [Mem. in Opp. at 1.]  According to a declaration submitted with the memorandum in opposition, defense counsel attempted to file the Notice with a Certificate of Service with the state court.  The state court, however, only accepted the Certificate of Service.  On May 6, 2008, defense counsel sent a document/records clerk to the state court to determine why the state court would not accept the Notice.  A filing clerk stated that the state court would not accept the Notice because Defendant already filed the Certificate of Service and it referenced the Notice.  [Mem. in Opp., Decl. of Jian Ming Kwok at ¶¶ 3-5.]

       Defendant asserts that Tony & Danny erroneously characterizes the Motion as based on lack of subject matter jurisdiction.  Defendant argues that the filing of a copy of the

notice of removal in state court is merely a procedural requirement and therefore the Motion is untimely.  Defendant argues that there is proper diversity jurisdiction and it has complied with the removal procedures set forth in § 1446.  Although Defendant did not notify the state court immediately after filing the Notice in the District Court, § 1446(d) merely states that a defendant must notify the state court "promptly" after filing the notice of removal in federal court.  Section 1446(d) does not set a particular time limitation.  Even if Defendant's May 6, 2008 notice to the state court was not prompt, the delay did not deprive the District Court of jurisdiction.  Thus, to the extent that Defendant has now complied with the requirements of § 1446, the state court does not have jurisdiction over the action.  In the alternative, Defendant argues that the state court had constructive notice of the removal when Tony & Danny filed its March 7, 2008 Motion Regarding Order of Dismissal and that this was sufficient to terminate the state court's jurisdiction.

If the Court finds that there was a defect in the removal procedure, Tony & Danny waived it by failing to move for remand within thirty days after removal, as required by 28 U.S.C. § 1447(c).  Defendant also argues that Tony & Danny waived its right to seek remand because it acquiesced and consented to the District Court's jurisdiction by filing its Scheduling Conference

Statement in the District Court and by participating in discovery.  Further, Tony & Danny's counsel acknowledged in a declaration filed in the state court that the case had been removed and therefore should no longer be pending in the state court.  [Mem. in Opp., Decl. of Counsel, Exh. D.]

Defendant acknowledges that courts strictly construe removal statutes, but Defendant argues that courts do so only in determining whether federal jurisdiction exists.  The general proposition that courts strictly construe removal statutes does not excuse Tony & Danny's failure to move for remand within the thirty-day period provided by § 1447(c).

In its reply, Tony & Danny emphasizes that Defendant never filed the Notice in the state court.  The Kwok declaration states that the filing clerk would not accept the Notice, but Tony & Danny argues that this is hearsay.  Tony & Danny asserts that this failed attempt, almost a year after Defendant filed the Notice in the District Court, would not satisfy the "promptly" notify requirement of § 1446(d), even if the state court had accepted the Notice.  Tony & Danny argues that Defendant has not presented any argument that can overcome the state court's express ruling that it retained jurisdiction over the case.  Thus, Tony & Danny argues that the failure to file the Notice with the state court is not merely a procedural defect.

According to the Hawaii State Judiciary Ho`ohiki

system, on June 23, 2008, Defendant filed a document titled "Notice to the First Circuit Court, State of Hawaii Regarding Removal of Civil Action" ("State Court Notice").  The state court terminated its case on that date.

### DISCUSSION

**I.   Removal under 28 U.S.C. § 1441**

Defendant's Notice of Removal stated that "[t]his Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1332 and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441."  [Notice at ¶ 8.]  Section 1441 states, in pertinent part:

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  Courts strictly construe § 1441 against removal and resolve any doubts about the propriety of removal in favor of remanding the case to state court.  See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction.  See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

The procedural requirements for removal are set forth in 28 U.S.C. § 1446.  Tony & Danny timely filed the Notice in the

7

District Court.  See § 1446(b) (requiring a defendant to file a notice of removal within thirty days after receiving the complaint).  At issue in this case is § 1446(d), which provides:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d).  The plain language of 28 U.S.C. § 1446(d) does not set forth a definite time limit for filing a notice of removal in state court.

After filing the Notice on July 30, 2007, Defendant did not immediately give notice of the removal to the state court.  On May 6, 2008, Defendant apparently attempted to file the Notice in the state court, but only filed a Certificate of Service.  Defendant ultimately filed its State Court Notice on June 23, 2008.[2]  This Court finds that Defendant's filing of the State Court Notice almost a year after filing the Notice in the District Court was not prompt, particularly in light of the

---

[2] Defendant filed the State Court Notice and the state court terminated its case after the parties completed briefing on the instant Motion.  The parties therefore did not have the opportunity to address these events.  Neither of the parties, however, sought leave to file supplemental memoranda.  The Court finds that further briefing is not necessary.  To the extent that Tony & Danny argues that Defendant's attempt to file the Notice in the state court on May 6, 2008 was untimely, the Court assumes that Tony & Danny also contends that Defendant's June 23, 2008 filing of the State Court Notice was also untimely.

proceedings which took place in the state court in the interim. The Court now turns to the issue whether Defendant's violation of § 1446(d) is grounds for remand.

## II. **Remand under 28 U.S.C. § 1447(c)**

>Section 1447(c) provides, in pertinent part:
>
>A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

Thus, although a plaintiff may move to remand based on lack of subject matter jurisdiction at any time, a plaintiff waives his right to object to a procedural defect in the removal if he does not file a motion to remand within thirty days of removal.  See, e.g., Vasquez v. N. County Transit Dist., 292 F.3d 1049, 1060 n.5 (9th Cir. 2002) (plaintiffs waived right to object to removal based on the failure to obtain the consent of all defendants); Pressman v. Meridian Mortg. Co., Inc., 334 F. Supp. 2d 1236, 1243 & n.6 (D. Haw. 2004) (same).  In the present case, if Defendant's failure to notify the state court promptly of the removal was a procedural defect, Tony & Danny waived its right to object because it did not move for remand within thirty days of removal. If, however, it is a jurisdictional defect, Tony & Danny's Motion is timely.

The Ninth Circuit has rejected the argument that the

failure to timely notify a state court of removal requires remand.  See Koerner v. AETNA U.S. Healthcare, Inc., No. 02-15375, 2003 WL 23098387, at *1 (9th Cir. Dec. 18, 2003).  Several district courts within the Ninth Circuit have reached the same conclusion.  See Miller v. Aqua Glass, Inc., Civil No. 07-3088-CL, 2008 WL 2854125, at *3 (D. Or. July 21, 2008) (noting that the failure to notify the state court of the removal "did not deprive the federal court of subject matter jurisdiction. . . . , the omitted notice to the state court was a procedural defect, which could not be raised more than 30 days after the action was removed" (citing Maniar v. Federal Deposit Ins. Corp., 979 F.2d 782, 784-85 (9th Cir. 1992))); Buckmeier v. Nevarez, No. CV-07-154-N-BLW, 2007 WL 2331045, at *3 (D. Idaho Aug. 13, 2007) (citing Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980) (per curiam)); Shanks v. N. Cal. Cement Masons Joint Apprenticeship Training Comm., No. C-93-0609 MHP, 1993 WL 150273, at *3 (N.D. Cal. Apr. 29, 1993).  But see Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Sur. Co. of Am., No. 05-444-KI, 2005 WL 1653629, at *4 (D. Or. July 6, 2005) (ruling that "any defect in removal procedure must be cured within the 30-day removal period or it is fatal to the removal").  While the Court acknowledges that these unpublished cases are not precedential, the Court finds them persuasive as evidence of the trend among district courts within the Ninth Circuit.

This Court therefore finds that Defendant's failure to promptly notify the state court of the removal, in violation of § 1446(d), was a procedural defect in the removal. Tony & Danny waived its right to object to any procedural defects in the removal by failing to assert this right within thirty days of removal. Cf. Fristoe, 615 F.2d at 1212 (noting that the failure to file a timely removal petition is "formal and modal" and not jurisdictional, and that "a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights" (citations omitted)).

Based on this conclusion, the Court need not address Defendant's argument that Tony & Danny acquiesced to the District Court's jurisdiction by participating in various proceedings and discovery. The Court, however, does point out that Tony & Danny's Scheduling Conference Statement states that "Plaintiff does not dispute jurisdiction at this time." [Pltf.'s Scheduling Conference Statement, filed Oct. 16, 2007, at 2.]

The only remaining issue is whether there is federal subject matter jurisdiction. Although Tony & Danny's objections to procedural defects in the removal are untimely, to the extent that Tony & Danny alleges that the District Court does not have subject matter jurisdiction, the Court can address this argument at any time. See 28 U.S.C. § 1447(c).

**III. <u>Diversity Jurisdiction</u>**

Defendant asserted diversity jurisdiction as the basis of removal.  The federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states.  <u>See</u> 28 U.S.C. § 1332(a)(1).  Tony & Danny is incorporated in Hawaii.  [Verified Complaint at ¶ 1.]  Defendant is an insurance company that does business in Hawaii, but neither was incorporated nor is licensed in Hawaii.  [Answer at ¶ 3; Notice at ¶ 6.]  Thus, there is diversity of citizenship among the parties.

Where, as here, the amount in controversy is not clear from the complaint, the removing defendant must prove the amount in controversy by a preponderance of the evidence.  <u>See Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696, 699 (9th Cir. 2007).  The Notice does not expressly identify the amount in controversy.  To the extent that 28 U.S.C. § 1332(a) requires that the amount in controversy exceed $75,000, excluding interest and costs, the Court construes the Notice's assertion that federal jurisdiction exists pursuant to § 1332 as a representation that the amount in controversy exceeds $75,000.  [Notice at ¶ 8.]

The Verified Complaint seeks general, special, punitive, and statutory damages, as well as attorney's fees.

[Verified Complaint at 6.]  It alleges that Tony & Danny "incurred substantial legal fees defending the Alexanders' lawsuit and ultimately incurred substantial expense in settlement monies paid to the Alexanders."  [Id. at ¶ 13.]  The per occurrence limit on the Policy is $1,000,000.  [Exh. 1 to Verified Complaint.]  Tony & Danny does not present any evidence that, at the time of removal, the amount in controversy was less than $75,000.[3]  The Court therefore finds, by a preponderance of the evidence, that the amount in controversy exceeded $75,000 at the time of removal.  Accord Engle v. Liberty Mut. Fire Ins. Co., 402 F. Supp. 2d 1157, 1160 (D. Haw. 2005) (finding that the amount in controversy requirement was satisfied where: the complaint "clearly prayed for compensatory and punitive or treble damages, as well as attorney's fees"; the notice of removal asserted that the amount in controversy exceeded $75,000; and the plaintiffs did not present any contradictory evidence).

## CONCLUSION

On the basis of the foregoing, this Court FINDS that

---

[3] In its Pretrial Statement, Tony & Danny states that it suffered approximately $80,000 in damages as a result of Defendant's refusal to defend and indemnify Tony & Danny in the Alexanders' lawsuit.  Tony & Danny also notes that it seeks general and punitive damages, as well as attorney's fees and costs.  [Pltf.'s Pretrial Statement, filed July 29, 2008, at 3.] The Court, however, will not consider Tony & Danny's Pretrial Statement because the Court must measure the amount in controversy at the time of removal.  See Engle v. Liberty Mut. Fire Ins. Co., 402 F. Supp. 2d 1157, 1160 n.1 (D. Haw. 2005).

the District Court has jurisdiction over the instant case and RECOMMENDS that the district judge DENY Tony & Danny's Motion to Remand to State Court for Lack of Subject Matter Jurisdiction, filed May 5, 2008.

    IT IS SO FOUND AND RECOMMENDED.

    DATED AT HONOLULU, HAWAII, August 12, 2008.



    /S/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States Magistrate Judge

**TONY & DANNY CORPORATION V. NORTH AMERICAN CAPACITY INSURANCE COMPANY, ET AL; CIVIL NO. 07-00413 HG-LEK; CV 07-00413 HG-LEK; FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO REMAND TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**